UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HOLLIS B. MEMBERS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:06-cv-145-DFH-TAB |
| | ) |
| SUPERINTENDENT AL PARKE, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion to Dismiss**

This action has proceeded as to the claim for injunctive relief against defendant Al Parke, Superintendent of the Putnamville Correctional Facility ("PCF"). This is a claim against Superintendent Parke in his official capacity only. All other claims have been held in abeyance.

Superintendent Parke seeks dismissal of plaintiff Members' civil rights complaint based on the argument that the complaint fails to state a claim upon which relief can be granted. Members has not responded to the motion to dismiss.

I.

In ruling on a motion to dismiss under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim upon which relief may be granted, the court must assume as true all well-pleaded facts set forth in the complaint, construing the allegations liberally and drawing all inferences in favor of the plaintiff. *E.g.*, *Brown v. Budz*, 398 F.3d 904, 908-09 (7th Cir. 2005). Under the Federal Rules, a plaintiff pleads claims, not facts or legal theories.  See *Vincent v. City Colleges of Chicago*, 2007 WL 1238745, at *3 (7th Cir. April 30, 2007) ("a judicial order dismissing a complaint because the plaintiff did not plead facts has a short half-life.").  However, while a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion to dismiss, it is not enough merely that there might be some conceivable set of facts that entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (abrogating in part *Conley v. Gibson*, 355 U.S. 41 (1957)). Rule 8(a)(2) requires a plaintiff to state the grounds that entitle him or her to relief. This obligation "requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Id.* at 1965. Factual allegations must be enough to raise a right to relief above the speculative level, treating the factual allegations as true. *Id.* A claim also may be dismissed under Rule 12(b)(6) if it includes particulars that show the plaintiff cannot possibly be entitled to the relief it seeks. *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994). The court is not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claims, nor must the court give any weight to unsupported conclusions of law. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998), quoting *R.J.R. Services, Inc. v. Aetna Casualty & Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989). Despite this high standard for dismissal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

## II.

In the present case, Members' asserted claims focus on 1) accounting practices of the business office at the PCF, 2) the handling of inmate telephone calls and confidential legal mail at the PCF, 3) operation of the law library at the PCF, and 4) conditions of confinement in the dormitories and specified units at the PCF. As Superintendent Parke has argued without opposition from Members, however, these claims do not support any relief.

- Members alleges that the business office of the PCF has made errors in its compilation and maintenance of his inmate account. Insofar as his claim simply challenges the timing or frequency of transactions being posted to Members' account, there is no actionable wrong. To the extent that Members has suffered multiple debits to his account and thereby suffered the loss of property, he has a meaningful remedy under Indiana law. The fact that this is a post-deprivation remedy does not make it inadequate for due process purposes. See IND. CODE § § 34-13-3-1 *et seq.*; *Hudson v. Palmer,* 486 U.S. 517, 533 (1984); *Wynn v. Southward,* 251 F.3d 588, 592-93 (7th Cir. 2001).

- Members alleges that legal mail sent to and from inmates at the PCF is delayed and that telephone access by inmates is limited and expensive. An inmate has no right to communicate with others by telephone, however, see *United States v. Footman,* 215 F.3d 145, 155 (1st Cir. 2000)("Prisoners have no per se constitutional right to use a telephone."); *Valdez v. Rosenbaum,* 302 F.3d 1039, 1048 (9th Cir. 2002) (characterizing First Amendment right as the right to communicate with persons outside prison walls and use of a telephone as merely one "means of exercising that right"), and Members does not allege that any feature of the mail or telephone access has impeded his access to the courts in any case or in any manner. Similarly, Members does not allege or suggest any detriment to his access to the courts associated with the policy of staff at the PCF to charge a fee for copy service, and he has no right to challenge these practices in the abstract or to assert the rights of others. In *Lewis v. Casey,* 116 S. Ct. 2174, 2180 (1996), the Supreme Court held that to satisfy the element of actual injury, which is necessary

to establish the denial of access to the courts, an inmate must "demonstrate that the alleged [violation] . . . hindered his efforts to pursue a legal claim." The same is true as to inmates described as not speaking English or as illiterate; it is self-evident that Members falls into neither of those categories.

- Members also claims that the conditions of the dormitories and certain other units at the PCF violate the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. However, Members does not allege that he suffered physical injury as a result of these conditions, his descriptions of those conditions does not suggest the deprivation of any of the minimum necessities of civilized life, and, in any event, he is no longer confined at the PCF and subject to those conditions. Standing to proceed with his claims in this case requires, *inter alia,* that a plaintiff suffer an injury in fact and that there be "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 103 (1998). Members lacks standing to assert claims which affect only other inmates.[1]

"[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'" *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996) (*quoting Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)). That is the case here. Superintendent Parke's motion to dismiss is therefore **granted.**

### III.

Because the claims for injunctive relief have faltered as legally insufficient, the other claims are now also dismissed pursuant to 28 U.S.C. § 1915A(b). Judgment consistent with this Entry shall now issue.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date:  6/12/2007

---

[1] On the issue of standing, it is of no consequence here that the defendant has brought his motion pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* rather than Rule 12(b)(1). *See Snyder v. Smith,* 736 F.2d 409, 419 (7th Cir. 1984) (overlooking erroneous labeling of motion to dismiss), *cert. denied,* 469 U.S. 1037 (1984), *overruled on other grounds by Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998).